UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────

M.J., individually and on behalf of E.R., a child with
disability,                                                    COMPLAINT


                              *Plaintiff*,
                                                               Case No.
            -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                              *Defendant.*

─────────────────────────────────────────


        M.J., individually and on behalf of E.R., a child with a disability, by and through her

attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1.      This is an action pursuant to the enforcement and fee-shifting provisions of the Individuals

with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2.      This is also an action pursuant to Title 42 of the United States Code, Section 1983, to

redress the denial to Plaintiff by Defendant of protected liberty interests and rights without due

process of law.

3.      Plaintiffs M.J. and E.R. reside in Bronx County, State of New York.

4.      E.R. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

5.      M.J. is the parent of E.R. as defined by IDEA 20 U.S.C. § 1401(23).

6.      Defendant New York City Department of Education is a local educational agency as

defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and

related programs and services to its students in compliance with the applicable federal and state

statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §

1400 *et seq.,* and the regulations promulgated thereunder.

JURISDICTION AND VENUE

7.      Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

8.      Venue is predicated upon 28 U.S.C. § 1391(b)(l) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

FACTUAL BACKGROUND

9.      E.R. was born in 2002.

10.     E.R. was classified as a student with a learning disability by Defendant's Committee onSpecial Education (CSE).

11.     A.M. filed a *pro se* due process complaint ("DPC") on May 21, 2019.

12.     By her attorney's amended due process complaint to the Defendant dated August 2019, Plaintiff demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

13.     The matter was assigned case number 183256.

14.     Plaintiffs DPC demanded, inter alia, a finding that Defendant did not provide E.R. with a free appropriate public education (FAPE) pursuant to IDEA, during the 2017/18, 2018/19 and 2019/20 school years.

15.     As relief, Plaintiff's DPC requested:

Case 1:21-cv-11216-PAC   Document 1   Filed 12/31/21   Page 3 of 7

a. An order requiring the grant of independent neuropsychological evaluation at public expense for a cost not to exceed $5,000.00.

b. An independent speech-language evaluation at public expense at a cost not to exceed $2,500.00.

c. An independent vocational evaluation at public expense at a cost not to exceed $1,200.00.

d. An independent functional behavior assessment ("FBA") to be performed by a board-certified behavior analysist at public expense, and for a cost not to exceed $475.00.

e. Compensatory academic, speech-language, and counseling services, at market rate, for Defendant's failure to provide E.R. with a FAPE during the years stated above;

f. Defendant to reconvene the committee on special education once the requested evaluations have been performed to develop an appropriate program for E.R.

16.    Defendant appointed Edgar De Leon as impartial hearing officer (IHO) on May 30, 2019. (FOFD at 3).

17.    On August 28, 2019, the parties entered into a partial resolution agreement wherein Defendant agreed to provide the following relief:

a. An independent neuropsychological evaluation to be performed by Dr. Eugene Newman for a rate not to exceed $5,000.00.

b. An independent speech-language evaluation to be performed by Speech Garden Pediatric Therapy at a rate not to exceed $2,500.00.

-3-

18.     An impartial due process hearing was held for M.J. and E.R. on January 14, 2020.

19.     At the January 14, 2020 hearing, Plaintiff introduced 11 pieces of documentary evidence, and presented testimony from two witnesses via affidavit.

20.     At the January 14, 2020 due process hearing, Defendant failed to submit any witness testimony or documentary evidence, as well as declined to cross-examine Plaintiff's presented witnesses.

21.     On August 20, 2020, IHO De Leon issued a Findings of Fact and Decision (FOFD) in favor of Plaintiff, finding that Defendant denied E.R. a FAPE during 2017/18, 2018/19 and 2019/20 school years, and ordering relief for E.R., including:

> a.   Compensatory academic services in the form of 1,200 hours of reading tutoring; 1,200 hours of math tutoring; 66 hours of counseling services; 324 hours of speech-language therapy.
>
> b.   Defendant shall conduct, or arrange to have conducted, all evaluations of the student in all areas of his suspected disabilities not evaluated within the last two years.
>
> c.   Defendant shall forthwith reconvene the CSE to produce a new IEP for the student that considers all of the student's available evaluations and any related information to produce a new IEP.

22.     Defendant has not complied with the terms of the Findings of Fact and Decision as Defendant has provided payment for E.R.'s awarded compensatory services.

23.     Plaintiff, through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

24.     On June 30, 2021, Defendant acknowledged receipt of Plaintiffs fee demand

and assigned attorney Netanel Munk to the claim.

25.    As of this date, Plaintiff has received no further communication from Defendant attempting to resolve the claim for attorney fees and costs.

FIRST CAUSE OFACTION

26.    Plaintiffs repeat and reallege paragraphs 1 through 25 as if more fully set forth herein.

27.    The Defendant has not complied with the terms of the IHO's order in case number 183256.

28.    Specifically, has failed to provide payment for E.R.'s awarded compensatory services.

29.    Defendant has, under color of law, deprived Plaintiffs of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the IDEA, by failing to implement the IHO's order.

30.    Plaintiff seeks equitable relief pursuant to 42 U.S.C. § 1983. See Mrs. W. v. Tirozzi, 832 F.2d 748, 755 (2nd Cir. 1987) ("A § 1983 cause of action may be used to remedy constitutional and federal statutory violations by state agents" including those under IDEA's predecessor statute, the Education of the Handicapped Act); see also Weixel v. Board of Educ. of City of New York, 287 F.3d 138, 151 (2nd Cir. 2002) ("as noted above, Plaintiffs have stated causes of action under Section 504/ADA and the IDEA, the district court erred in dismissing their claims for damages under Section 1983"); contra A.W. v. Jersey City Public Schools, 486 F.3d 791 (3rd Cir. 2007) (describing circuit conflict as to availability of § 1983 relief under IDEA).

31.    Specifically, Plaintiffs seek an order directing that Defendant comply immediately with all terms of IHO De Leon's Findings of Fact and Decision, including providing immediate payment for all outstanding invoices for services provided in accordance with IHO De Leon's FOFD.

## SECOND CAUSE OF ACTION

32.     Plaintiffs repeat and reallege paragraphs 1 through 31 as if more fully set forth herein.

33.     The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

34.     The First, Third, Fourth, Ninth and Tenth Circuits are in conflict with the Second Circuit as to the availability of § 1983 relief to enforce the IDEA. See, e.g., *Blanchard v. Morton School Dist.,* 509 F.3d 934, 938 (9th Cir. 2007) ("We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA").

35.     Thus, in the alternative to the § 1983 cause of action stated above, Plaintiffs seek an order pursuant to the IDEA's own enforcement authority directing that Defendant comply immediately with all the terms of IHO De Leon's Findings of Fact and Decision in case number 183256, including providing immediate payment for all outstanding invoices for services provided in accordance with IHO De Leon's FOFD.

## THIRD CAUSE OF ACTION

36.     Plaintiff repeats and realleges paragraphs 1 through 35 as if more fully set forth herein.

37.     Plaintiff M.J. initiated an impartial hearing on behalf of E.R. under case number 183256.

38.     Plaintiff M.J. prevailed at the impartial hearing by obtaining a decision and order from IHO De Leon ordering the relief sought by Plaintiff M.J. in her DPC.

39.     Plaintiff M.J. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Assume jurisdiction over this action;

(2)     Issue an order directing Defendant to comply with the IHO's decision and order by providing immediate payment for all outstanding invoices for services provided in accordance with IHO De Leon's FOFD;

(3)     Award to the Plaintiffs costs, expenses and attorneys' fees for this 42 U.S.C. § 1983 action pursuant to 42 U.S.C. § 1988;

(4)     Award to the Plaintiffs costs, expenses and attorneys' fees for the administrative proceeding pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment interest; and

(5)     Award to the Plaintiffs the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415 together with both prejudgment and postjudgment interest; and

(6)     Grant such other and further relief as the Court deems just and proper

Dated:  Auburn, New York
        December 31, 2021                    Yours etc.,

                                             s/ Britton H. Bouchard
                                             CUDDY LAW FIRM, PLLC
                                             Britton H. Bouchard, Esq.
                                             *Attorneys for Plaintiff*
                                             5693 South Street Road
                                             Auburn, New York 13021
                                             (315) 370-4020
                                             bbouchard@cuddylawfirm.com