USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/21/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.J., individually and on behalf of E.R. a child with a disability,

                Plaintiff,

-against-

New York City Department of Education,

                Defendant.

1:21-cv-11216 (PAC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a discovery dispute regarding contention interrogatories served upon Defendant addressed to the issue of Plaintiffs' attorneys' fees. (*See* 7/20/22 Joint Ltr., ECF No. 32.) For the reasons set forth below, the Court rules that Defendant need not respond to Plaintiffs' contention interrogatories.

**BACKGROUND**

This action is brought "pursuant to the enforcement and fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3)." (*See* Compl., ECF No. 1, ¶ 1.) Plaintiffs' motion for attorneys' fees currently is due to be filed on August 12, 2022. (*See* 7/7/22 Order, ¶ 3.) In advance of filing their motion, Plaintiffs have served contention interrogatories seeking to have Defendant advise them if Defendant contends that any of the time entries of Plaintiffs' counsel are "insufficient as a matter or timekeeping," or if any of the time expended by Plaintiffs' counsel "is unreasonable, excessive, duplicitous, or otherwise should not be compensated." (*See* Pls.' Interrogs., ECF No. 32-1.)

**LEGAL STANDARDS**

The Local Civil Rules provide that "[a]t the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise." U.S. Dist. Ct. Rules S.& E.D.N.Y., Civil Rule 33.3(c). The general aim of this discovery device is "to expeditiously narrow the scope of litigation, reduce the element of surprise, serve as admissions for trial, and in a significant matter avoid unnecessary discovery and minimize the expense." *See Trueman v. New York State Canal Corp.*, No. 09-CV-00049 (LEK) (RF), 2010 WL 681341, at *2 (N.D.N.Y. Feb. 24, 2010) (citing James Wm. Moore et al., *Moore's Federal Practice* § 33.03 (3d ed. 2009)) (footnote omitted).

Rule 26 of the Federal Rules of Civil Procedure defines the scope of permissible discovery as follows: "Unless otherwise limited by court order . . .: [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 26(c)(1), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." *See* Fed. R. Civ. P. 26(c(1)(A). Discovery-related matters are left to the sound discretion of the court. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018).

**DISCUSSION**

The Court carefully has considered the parties' joint letter, and its attachments, and finds in its discretion that Defendant need not respond to Plaintiff's contention interrogatories. The proposed interrogatories are not proportional to the needs of the case. Once Plaintiffs file their motion for attorneys' fees, if Defendant challenges any time entries or time expended on the grounds set forth in Plaintiffs' interrogatories, then Defendant will need to put the bases for its challenges in the record in opposition to the motion. Thus, in effect, Plaintiffs will receive the interrogatory responses they seek when Defendant files its opposition to Plaintiffs' fees motion. Moreover, Plaintiffs will suffer no prejudice by waiting for Defendant's opposition papers, since Plaintiffs will have the opportunity to reply to Defendant's challenges. Compelling Defendant to respond now to Plaintiffs' interrogatories would only serve to give Plaintiffs a preview of Defendant's position, which is not warranted or needed in the circumstances of this case.

In sum, the Court finds that the discovery sought is unnecessary and will serve to needlessly increase the expense of the litigation.

**CONCLUSION**

For the foregoing reasons, the Court hereby finds, pursuant to Rule 26(c)(1)(A), that Defendant need not respond to Plaintiff's contention interrogatories.

**SO ORDERED.**

Dated:   New York, New York
         July 21, 2022

_____
STEWART D. AARON
United States Magistrate Judge